Filed 9/20/24  P. v. Khademi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVOOD KHADEMI,<br><br>Defendant and Appellant. | C099518<br><br>(Super. Ct. No. 62192738) |

Defendant Davood Khademi appeals from the trial court's order permitting the Department of State Hospitals to administer antipsychotic medication to him as needed, including involuntarily.  He contends that the specific statutory provision on which the court relied, Penal Code section 1370, subdivision (a)(2)(B)(i)(III), did not authorize the order because the evaluating psychiatrist opined that he lacked the capacity to make

1

decisions regarding antipsychotic medication.[1]  We disagree with Khademi's interpretation of the statute and therefore affirm the order.

BACKGROUND

The People charged Khademi with aggravated battery by gassing on a peace officer (§ 243.9, subd. (a)).  At a bail hearing, defense counsel declared a doubt as to Khademi's competence to stand trial.  The court held a hearing, considered a report prepared by a licensed psychologist, and determined that Khademi was incompetent to stand trial.

The trial court then held a separate hearing to determine Khademi's placement. The Placer County Adult System of Care recommended that he "be placed in a Jail Based Competency Treatment or the Department of State Hospital[s] for restoration of competency" because "[h]e has proven that he is unable to cooperate with treatment and rules even while in the most secure setting of jail custody."  The court ordered Khademi committed to the Department of State Hospitals.  At the request of defense counsel, the court set a further hearing to determine whether to order involuntary administration of antipsychotic medication.

At the next hearing, the trial court considered the reports of two psychologists as well as a memorandum from the Placer County Adult System of Care, which attached the conclusions of an evaluating psychiatrist.  The evaluating psychiatrist opined that: (1) psychiatric medications were appropriate to treat Khademi's mental health symptoms; (2) medication was necessary to restore him to competency; (3) Khademi lacked the capacity to make decisions regarding psychiatric medication; (4) side effects of the proposed medication would not interfere with his competency; and (5) no alternative or less intrusive treatments were likely to have substantially the same results as medication.

---

[1]  Undesignated statutory references are to the Penal Code.

2

A report from one of the psychologists similarly concluded that "[i]t is appropriate to treat Mr. Khademi's symptoms with antipsychotic medications," and "[i]t is likely that the need for involuntary administration of medication is needed at this time." The report further stated that Khademi "does not appear to be a danger to himself or others at the time of the evaluation." It noted, however, that "ongoing monitoring is indicated," given his history of mental illness.

Khademi did not object to the imposition of an involuntary medication order.

The trial court found that the conditions listed in section 1370, subdivision (a)(2)(B)(i)(III) were satisfied. The court authorized any facility housing Khademi to administer antipsychotic medication as needed, including on an involuntary basis, under the direction and supervision of a licensed psychiatrist. The order remains in effect for one year from its issuance.

Khademi timely appealed.

## DISCUSSION

Khademi contends that the specific subclause on which the trial court relied— section 1370, subdivision (a)(2)(B)(i)(III) (subclause (III))—does not authorize a court to order the involuntary administration of antipsychotic medication when, like here, a defendant lacks capacity to make decisions regarding antipsychotic medication. When interpreting a statute, "[w]e start with the statute's words, which are the most reliable indicator of legislative intent." (*In re R.T.* (2017) 3 Cal.5th 622, 627.) " 'We interpret relevant terms in light of their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme to determine what interpretation best advances the Legislature's underlying purpose.' " (*Ibid.*)

Section 1370 is part of the statutory scheme governing the competency of criminal defendants. (See generally *Rodriguez v. Superior Court* (2023) 15 Cal.5th 472, 486, 493-496.) Under the statute, "[a] trial court is required to permit involuntary administration of antipsychotic medication if it finds one of three sets of conditions to be true. (§ 1370,

3

subd. (a)(2)(B)(i)(I)–(III) & (ii).)" (*People v. Garcia* (2024) 99 Cal.App.5th 1048, 1054.) In this case, the trial court rested its ruling on the third set of conditions enumerated in the statute—subclause (III). Those conditions are: (1) "[t]he [P]eople have charged the defendant with a serious crime against the person or property"; (2) "based upon the opinion of the psychiatrist offered to the court pursuant to subparagraph (C) of paragraph (2) of subdivision (a) of Section 1369, the involuntary administration of antipsychotic medication is substantially likely to render the defendant competent to stand trial"; (3) "the medication is unlikely to have side effects that interfere with the defendant's ability to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a reasonable manner"; (4) "less intrusive treatments are unlikely to have substantially the same results"; and (5) "antipsychotic medication is medically necessary and appropriate in light of [the defendant's] medical condition." (§ 1370, subd. (a)(2)(B)(i)(III).)

None of the five conditions in subclause (III) mentions a defendant's capacity to make decisions regarding antipsychotic medication. We thus see no textual basis in subclause (III) for Khademi's argument that the provision authorizes an involuntary medication order only when the court finds that a defendant has such capacity.

Khademi's contrary argument rests on *People v. O'Dell* (2005) 126 Cal.App.4th 562, 570, fn. 3 and *People v. Lameed* (2016) 247 Cal.App.4th 381, 398. Those decisions noted that a court reaches the inquiry under subclause (III) "only if [the] defendant does not lack capacity to make decisions regarding antipsychotic medication and is not a danger to others." (*O'Dell*, at p. 570, fn. 3; *Lameed*, at p. 398.) Those decisions, in turn, cite section 1370, subdivision (a)(2)(B)(iii), which provides that a court may not order involuntary medication under subclause (III) unless it first concludes that a defendant does not satisfy the criteria for involuntary administration of psychotropic medication under either of the first two subclauses, section 1370, subdivision (a)(2)(B)(i)(I) (subclause (I)) and subdivision (a)(2)(B)(i)(II) (subclause (II)). Under subclause (I), a

4

court may order involuntary administration of psychotropic medication when "the defendant lacks capacity to make decisions regarding antipsychotic medication, the defendant's mental disorder requires medical treatment with antipsychotic medication, and, if the defendant's mental disorder is not treated with antipsychotic medication, it is probable that serious harm to the physical or mental health of the defendant will result." (Subclause (I); see also § 1370, subd. (a)(2)(B)(ii)(I)-(II).) Under subclause (II), the court may order involuntary medication if "the defendant is a danger to others . . . and the defendant presents, as a result of mental disorder or mental defect, a demonstrated danger of inflicting substantial physical harm on others." (Subclause (II); see also § 1370, subd. (a)(2)(B)(ii)(I)-(II).)

We do not read section 1370, subdivision (a)(2)(B)(iii) as limiting subclause (III)'s application to situations where a defendant is able to make his or her own decisions concerning antipsychotic medication. That is because a court may rule out the application of subclause (I) when it finds that a defendant *either* is capable of making medication decisions, *or* the defendant's mental disorder does not require medical treatment with antipsychotic medication, *or* it is not probable that the defendant will suffer serious harm to his or her physical or mental health without medication. (Subclause (I); § 1370, subd. (a)(2)(B)(ii)(I)-(II).) Accordingly, a trial court may properly order the involuntary administration of antipsychotic medication under subclause (III) when the defendant lacks capacity to make medication decisions but does not meet the other requirements of subclause (I) (or the requirements of subclause (II)). In other words, section 1370, subdivision (a)(2)(B)(iii) does not support Khademi's contention that under subclause (III) a defendant necessarily must be capable of making medication decisions for him or herself.

5

DISPOSITION

The trial court's order authorizing involuntary administration of antipsychotic medication is affirmed.

/s/
FEINBERG, J.


We concur:


/s/
KRAUSE, Acting P. J.


/s/
BOULWARE EURIE, J.

6